224 A.2d 313.

ROBERT HOLLINGWORTH *vs.* PARKWAY LAUNDRY & CLEANSERS.

DECEMBER 2, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

444

Roberts, C. J.   This is an employee's petition for specific compensation for the partial or total loss of the use of his right leg brought under the provisions of G. L. 1956, §28-33-19 (m), as amended. The petition was denied and dismissed in the decree of the trial commissioner, and on appeal to the full commission the trial commissioner's decree was affirmed. From the decree of the full commission the petitioner has prosecuted an appeal to this court.

It appears from the decree of the trial commissioner, affirmed by the full commission, that he found petitioner had failed to prove that the "effects of his injury to his right leg have rendered such leg permanently stiff or useless" or that petitioner's right leg "has been rendered permanently stiff or useless to the nearest unit of 25%, 50% or 75%." In the decision accompanying its decree affirming that of the trial commissioner, the full commission stated that there was ample evidence to support the conclusion of the trial commissioner that petitioner had failed to prove his case.

It is elementary that this court may not disturb the findings of fact of the workmen's compensation commission absent a claim of fraud if there is in the record any legally competent evidence upon which those findings reasonably may rest. *McDonald* v. *John J. Orr & Son, Inc.*, 94 R. I. 428. However, we have carefully scrutinized the instant record and are persuaded that there is therein no evidence that petitioner's leg had not been rendered stiff or useless in some degree as a result of a 25 per cent loss of motion in his right knee. It appears to us that the evidence adduced through the medical witnesses was fully susceptible of a reasonable inference that petitioner's right leg in some degree had been rendered stiff or useless by the condition of his right knee.

It is important also to note that the commission did not reject this evidence on the basis of credibility. On the contrary, the trial commissioner indicated in his decision that he had accepted the medical evidence that there was some stiffness or uselessness in petitioner's right leg but declined to speculate on the degree thereof. The full commission likewise conceded that the testimony of one of the medical witnesses would support a necessary inference that petitioner had suffered some loss of use but that the loss of use did not exceed 25 per cent and that the failure of proof

lay in petitioner's inability to state with precision in what degree the right leg was useless.

The pertinent statutory provision, paragraph (m) of §28-33-19, reads in part: "Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely * * *." It is our opinion that this is the extent to which the legislature intended to impose upon a petitioner the burden of proof, that is, proof of stiffness or loss of use of the bodily member. Where it has been established that the bodily member has been rendered stiff or useless in whole or in part, the petitioner has met the burden of establishing the right to the specific compensation provided for in the act.

The remaining portion of the pertinent statute, in our opinion, establishes a formula for the payment of compensation where the loss of use is partial and a rule to which the commission may resort to compute the amount of such compensation to be paid where the loss of use is partial. In short, it is our opinion that the legislature intended to require that the commission, upon establishment of loss of use in whole or in part, determine the amount of compensation to be paid for such injury in accordance with the formula therein prescribed.

The language of the remaining portion of the statute is, in our opinion, entirely significant of this intention, reading, as it does: "* * * provided, however, that if the stiffness or uselessness is less than the total, then compensation shall be paid for such period of weeks in proportion to the period applicable in the event that said member or portion thereof has been severed completely as the instant percentage of stiffness or uselessness bears to the total stiffness or total uselessness of such bodily members or portion thereof.

The percentage of loss shall be computed to the nearest unit of 25%-50%-75% of loss."

In the course of oral argument respondent contended, as we understood it, that because of the inability of the medical witnesses to testify as to the precise degree of uselessness in petitioner's right leg, other than it was less than 25 per cent of full use, petitioner could not recover compensation. This is to argue that compensation for a partial loss of use of a bodily member under this statute is not recoverable where the loss of use is less than 25 per cent. With this contention we cannot agree. The statute discloses, in our opinion, a legislative intent to establish three convenient percentage losses of use as bases for the award of compensation. We perceive nothing in the statute that would sustain the viewpoint that the requirement that the loss shall be computed to the nearest unit of 25, 50, or 75 per cent was intended to establish a minimum therefor at 25 per cent.

Because we take this view and because of the state of the evidence in this record, it is our opinion that the commission erred in failing to award compensation to the petitioner for the loss of use of his right leg for the minimum period of time provided for in the statute.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Thomas W. Pearlman,* for petitioner.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.